# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-4-TLS |
| | ) | (1:18-CV-6) |
| JULIUS LAWSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Defendant, Julius Lawson, is serving a sentence for his role in attempting to rob a person having custody of mail matter, money, or property of the United States, 18 U.S.C. § 2114(a), using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and interfering with the performance of duties of an employee of the United States, 18 U.S.C. § 111(a)(1). This matter is before the Court on a motion the Defendant has titled a Second-In-Time 28 U.S.C. § 2255 [ECF No. 164], filed on January 8, 2018.

As the Defendant is aware, the Court previously denied a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 135], in an Opinion and Order [ECF No. 146] dated February 27, 2017. In that motion, the Defendant had argued that all three counts of conviction should be vacated because his trial counsel rendered ineffective assistance, and that his appellate counsel was also ineffective for failing to challenge the sufficiency of the evidence for a conviction on count 1. This prior collateral attack, and the Court's ruling, means that the Defendant's latest motion is a successive collateral attack. The Defendant contends that the Court should consider the merits of his Motion under the miscarriage of justice exception because he is actually innocent in light of a new rule announced

by the Supreme Court in *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

This Court is precluded from considering whether the Defendant's claim has any merit because he has not sought permission from the Seventh Circuit to file it. Prisoners are barred from filing second or successive habeas petitions unless they obtain certification to do so from the court of appeals. *See* 28 U.S.C. § 2255(h) (providing that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) (stating that "Section 2255(h) permits a *court of appeals* to authorize a successive collateral attack" (emphasis added)); *Suggs v. United States,* 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition." (citing *Burton v. Stewart*, 549 U.S. 147, 152–53, (2007))); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) (holding that unless the defendant "seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request").

Because the Defendant has not asked for, or obtained, approval from the court of appeals before filing his second motion to attack his conviction, this Court must dismiss it for lack of jurisdiction. *See Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012) (confirming that the district court appropriately dismissed a motion construed as a successive § 2255 because only the court of appeals may authorize the commencement of a second or successive collateral motion) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)); *see also Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000) (criticizing the district court for dismissing a second habeas motion as untimely where the defendant had not demonstrated compliance with conditions for filing such a motion because the "court should not have entertained the motion at all").

2

**CONCLUSION**

Because the Defendant has not obtained permission from the Court of Appeals to file a second habeas motion, the Court DISMISSES FOR LACK OF JURISDICTION the Defendant's Motion [ECF No. 164].

SO ORDERED on January 16, 2018.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT